UNITED STATES BANKRUPTCY COURT **FILED**
DISTRICT OF CONNECTICUT

In re:

Donatien Masala,

Debtor.

2022 OCT -3 P 3: 21
Case No. 22-50272
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Chapter 13
BRIDGEPORT DIVISION

## MANDATORY NOTICE OF ERROR AND REQUEST FOR INVESTIGATION PURSUANT TO 15 U.S.C. §1693(f)(3)(b)(d)

COMES NOW the Surety for the Debtor's Bankruptcy, Reverend Juan-Jose': Brookins, to give the Court Mandatory Judicial Notice of Law and Adjudicative Facts governing the Set-Off and discharge of claims being made upon the Debtor's Bankruptcy Case that has been erroneously dismissed in violation of the presiding judge, Trustee and Clerk's oath to uphold the Constitution for these United States of America and without consideration of the lawful Public Policy for settlement payment of the Public Debt in accordance with HJR 192 of June 5, 1933, Public Law 73-10, 18 U.S.C. § 8, Chap. 48, 48 STAT. 112, 113, 12 U.S.C. § 95(a), 31 U.S.C. § 3123(a)(b)(c)(1)&(2), 31 U.S.C. § 5118(2)(d) and 50 U.S.C. § 4305(2).

On September 7, 2022 Reverend Juan-Jose': Brookins pledged himself as Surety for the Debtor's Bankruptcy case with a Proof of Claim containing all the necessary documents substantiating that Claim together with a method of payment that is lawfully tendered in accordance with the above cited provisions of law governing the Surety's right and lawful assertion to make such payment in the manner by which the negotiable instrument tendered to the Bankruptcy Court by the Surety are binding as an operation of law and Public Policy and said Public Officers identified above are in open and active default of their constitutional oath to honor and uphold those laws and by

1

their default they are in breach of Trust by failing to Set-Off or discharge the Debtor's Bankruptcy debt with the lawful tender of payment the Surety has provided.

Article 3 of the Uniform Commercial Code (U.C.C.) covers negotiable instruments and "an issue (of a negotiable instrument) means the first delivery of an instrument to a Holder or Remitter." Article 3 of the U.C.C. also applies by analogy to the Bonds and International Bill of Exchange (IBOE) that the Surety submitted to the Trustee with the Proof of Claim and the interpretation of the U.C.C. analogy holds that "Bonds" are issued within the meaning of the U.C.C. when they are delivered to the first Holder. The first Holder in this case is the Chapter 13 Trustee, Roberta Napolitano. A Bond obligation is "entered into" or "issued" when the Bond "first comes into the hands of a Holder so executed and delivered as to bind the Obligor." (6A Fletcher Cyc. Corp. § 2688 [1989]).

The sense in which the term "issued" is ordinarily used, a Bond is not issued until it is delivered to someone who can claim it as a debt against a corporation. *Id.* The Trustee in this Bankruptcy case, Roberta Napolitano, as the first Holder, can claim the Surety's Bond as a debt against the corporation and use it to Set-Off or discharge. Therefore, Trustee Napolitano has all the instruments she needs to facilitate the administration of accounting for Set-Off or discharge of the debt in this Bankruptcy case.

After an in person hearing on September 22, 2022, Judge Julia A. Manning read a note on the record of the Court that the Surety gave to the Debtor expressing the fact that the Surety has pledged to pay for the Judgment Creditor's claim against the Debtor to the instant Bankruptcy case and informed the Trustee that she would have to confer with Reverend Juan-Jose': Brookins about the settlement of this case. Yet, in spite of

2

that instruction to the Trustee at the in person hearing, the very next day on Friday, September 23, 2022, Judge Manning granted Trustee Napolitano's Motion to Dismiss the Debtor's Bankruptcy case for an alleged failure to remit monthly payments to the Trustee and that the proposed Chapter 13 Plan was not feasible despite the fact that the Surety pledged to provide the necessary payment to settle the debt which was never mentioned in the Court's ruling to grant dismissal.

Judge Manning's immediate dismissal after acknowledging the status and standing of the Surety, Reverend Juan-Jose': Brookins, is not only contradictory to her own statements in the hearing on September 23, 2022, but are also in contravention and violation to 11 U.S.C. § 904 which explicitly states that the Court may not interfere with (1) any of the political or governmental powers of the Debtor, which the Debtor and Surety has invoked by providing the necessary instruments to settle and discharge the debt in accordance with Public Law and Public Policy. (See Pub. L. 95-598, 92 STAT. 2622). Judge Manning has absolutely no authority to interfere with this Private Bankruptcy Transaction.

Reverend Juan-Jose': Brookins has every right to file a proof of claim to protect his equitable interests in the Debtor's Bankruptcy because the Bankruptcy comprises of the primary domicile of the Debtor and the Surety and the Trustee in Bankruptcy can be appointed as a fiduciary to administer the settlement of the Bankruptcy accounts under the Power of Appointment Act of 1951. Reverend Brookins, as Surety, appointed the Trustee, Roberta Napolitano, as the fiduciary to administrate the accounting of the Set-Off and discharge of the Debtor's Bankruptcy case using the Bonds or IBOE provided to her for her convenience with the Proof of Claim documents that were entered into the

Bankruptcy case on September 7, 2022 and sealed by the Court on September 8, 2022 (ECF 37).

On October 3, 2022, the Debtor, Donatien Masala, filed an Objection to the Court's Order granting dismissal of his Bankruptcy case and provided Bank statements as a corroborating exhibit detailing that he was not in default of paying the Trustee the monthly allotments which the Trustee falsely alleged as one of the grounds for dismissal and whether the Chapter 13 Plan was feasible was no longer a sustainable ground after the Surety pledged to assume the debt in its entirety, so the dismissal of the Debtor's Bankruptcy is a gross error that needs to be investigated.

WHEREFORE, for the good and sufficient reasons specified herein, that pursuant to 15 U.S.C. § 1693(f)(3)(b)(d), the Surety for the Debtor's instant Bankruptcy case, Reverend Juan-Jose': Brookins, hereby gives the Bankruptcy Court Mandatory Notice of Error performed by the Bankruptcy Court Judge, Trustee and Clerk in their misapprehension, or misfeasance or negligence of honoring their oath in upholding the Public Law and Public Policy of the United States of America that is specified in the documents submitted with the Surety's Proof of Claim, some of which is specified in the first paragraph of this Notice, and respectfully requests that an investigation into the Public Officers error, misapprehension, misfeasance or negligence be implemented and that the Surety be provided treble damages in accordance with 15 U.S.C. 1693(e)(1) & (2), and such other and further relief as to the Court is found to be just and proper.

Date: October 3, 2022.
Connecticut State, Fairfield County.

All Rights Explicitly Reserved
Without Recourse or Without Prejudice
Per U.C.C. § 1-308

                        Verily, I Am

                  Reverend Juan-Jose': Brookins
                    *In Propria Persona, Sui Juris*
                    253 Beechwood Avenue
              Bridgeport, Connecticut near [06604]
                        Non-Domestic


cc:  Roberta Napolitano
      Chapter 13 Trustee
      10 Columbus Boulevard, 6Th Floor
      Hartford, CT 06106

UNITED STATES BANKRUPTCY COURT
DISTRICT OFCONNECTICUT

In re:                                        Case No. 22-50272

    Donatien Masala,                      Chapter 13

    Debtor.

AFFIDAVIT
of Reverend Juan-Jose': Brookins
IN SUPPORT OF
MANDATORY NOTICE OF ERROR AND REQUEST FOR INVESTIGATION

    I, Reverend Juan-Jose': Brookins, hereby make the following statements under penalty of perjury of the laws of the United States of America per 28 U.S.C. § 1746:

    I, Reverend Juan-Jose': Brookins, am of the age of majority with full capacity of all my faculties. I affirm under penalty of perjury that I have firsthand personal knowledge of the statements made by me in the foregoing Mandatory Notice of Error and Request for Investigation of the Debtor, Donatien Masala's Bankruptcy case, and that all of those statements are true, correct and complete to the best of my knowledge and belief and as to any statements for which I have no personal knowledge, I believe them to be true, so help me God.

Verily, I Am

*Rev. Juan-José: Brookins*

Reverend Juan-Jose': Brookins



Affirmed and Ascribed Before Me This
3rd Day of October, 2022.

_____
Notary
My Commission Expires_____



ALAN FERNANDES
NOTARY PUBLIC STATE OF CONNECTICUT
My Commission Expires June 30, 2023

CERTIFICATE OF SERVICE

I, Reverend Juan-Jose': Brookins, hereby certify that on October 1, 2022, I sent a true, correct and complete copy of the foregoing Mandatory Notice of Error and Request for Investigation via first class United States Post Office mail to the following:

Roberta Napolitano
Chapter 13 Trustee
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

*Rev. Juan-José: Brooks*
Reverend Juan-Jose': Brookins